

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

MAR 1 6 2001

Michael N. Milby, Clerk

### JURY DEMAND

| | | |
|---|---|---|
| CONNIE CEBALLOS | § | |
| | § | |
| **Plaintiff** | § | B-01-041 |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| REESE PHARMACEUTICAL | § | |
| COMPANY, SUMMER OPTICAL: | § | |
| EMS CONTRACT PACKAGING and | § | |
| YOUNG AGAIN PRODUCTS | § | |
| | § | |
| **Defendants** | § | |

### NOTICE OF REMOVAL

Defendants REESE PHARMACEUTICAL COMPANY, SUMMER OPTICAL. EMS CONTRACT PACKAGING and YOUNG AGAIN PRODUCTS (collectively referred to as "Defendants"), respectfully show and allege the following in support of this Petition for Removal:

1.     Petitioners are Defendants in an action commenced against them by CONNIE CEBALLOS (hereafter "Plaintiff") in the County Court at Law No. 2 of Cameron County, Texas, Court File No. 2001-CCL-0007113.  A true and correct copy of the Plaintiffs' Original Petition serviced upon Defendants is attached.

2.     This removal is timely, because it is made within thirty (30) days after receipt by the Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief, as required in 28 U.S.C. § 1446(b).  Service of Plaintiffs' Original Petition was served by certified mail, return receipt requested on or about February 13, 2001 to each of the Defendants. Defendant REESE PHARMACEUTICAL COMPANY, received  Plaintiffs' Original Petition on

February 20, 2001. Defendant SUMMER OPTICAL: EMS CONTRACT PACKAGING, received

Plaintiffs' Original Petition on February 16, 2001. Defendant YOUNG AGAIN PRODUCTS,

received Plaintiffs' Original Petition on February 16, 2001.

      3.      Plaintiff is a citizen of the State of Texas. As the Original Petition alleges, Plaintiff

is an individual who resides in Cameron County, Texas. Defendant REESE PHARMACEUTICAL

COMPANY, is a foreign corporation with its principal place of business in Cleveland, Ohio.

Defendant SUMMER OPTICAL: EMS CONTRACT PACKAGING, is a foreign corporation with

its principal place of business in Washington, Pennsylvania. Defendant YOUNG AGAIN

PRODUCTS is a foreign corporation with its principal place of business in Wilmington, North

Carolina.

      4.      Plaintiff's Original Petition does not contain an ad damnum; however, according to

correspondence from Plaintiff's counsel, Plaintiff seeks damages in an amount in excess of $75,000.

A true and correct copy of the Plaintiff's counsel's correspondence dated May 1, 2000, is attached.

      5.      Based upon the foregoing, this Court has original jurisdiction over this case pursuant

to 28 U.S.C. § 1332 (diversity of citizenship) and the entire action may be removed to this Court

pursuant to 28 U.S.C. § 1441. None of the Defendants are citizens of the State of Texas. Venue of

the removed action is proper in this Court as the district and division embracing the place where the

state action was pending pursuant to 28 U.S.C. § 1441.

      6.      Written notice of the filing of this Removal Petition will be given to Plaintiff and the

state court as required by law.

      7.      Defendants, by filing this Notice of Removal, do not waive any defenses which they

may have, including lack of jurisdiction.

8.    Filed with and/or attached to this Notice of Removal are all documents required by Local Rule 3k, including the state court docket sheet, an index of matters being filed, and a list of all counsel of record.

WHEREFORE, Defendants pray that the state action pending against them be removed to this Court.

Respectfully submitted,

GRIGGS & HARRISON, P.C.

By: _____
JOHN D. MARZIOTTI
State Bar No. 13145575
STATON M. CHILDERS
State Bar No. 00796348
1301 McKinney, Suite 3200
Houston, Texas 77010-3033
(713) 651-0600 / (713) 651-1944 — FAX

**ATTORNEYS FOR DEFENDANT**
**REESE PHARMACEUTICAL COMPANY**

Case 1:01-cv-00041   Document 1   Filed in TXSD on 03/12/2001   Page 4 of 37

**BARGER, HERMANSEN, MCKIBBEN
& VILLAREAL, L.L.P.**

By: _____

**TOM HERMANSEN**
State Bar No. 09514000 / Federal I.D. No.: 915
555 N. Carancahua, 1100 Tower II
Corpus Christi, Texas 78478
(361) 882-6611 / (361) 883-8353 — FAX

**ATTORNEYS FOR DEFENDANT
SUMMER OPTICAL: EMS CONTRACT PACKAGING**

SCHILDERS\2001\K\235573_1                    -4-

**EATON & ASSOCIATES**

By: _Bill McCarthy_
       **BILL MCCARTHY**
       Bar No. 13372500
       2208 Primrose Street, Building C
       McAllen, Texas 78504-4162
       (956) 631-9400 / (956) 687-9867 — FAX

       **ATTORNEYS FOR DEFENDANT**
       **YOUNG AGAIN PRODUCTS**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served upon all counsel of record via certified mail, return receipt requested, hand delivery and/or facsimile transmission on this the ___12___ day of March 2001.

                   **STATON M. CHILDERS**

# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE CEBALLOS** | § | |
| | § | |
| **Plaintiff** | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **REESE PHARMACEUTICAL** | § | |
| **COMPANY, SUMMER OPTICAL:** | § | |
| **EMS CONTRACT PACKAGING and** | § | |
| **YOUNG AGAIN PRODUCTS** | § | |
| | § | |
| **Defendants** | § | |

## INDEX OF MATTERS BEING FILED

In accordance with Local Rule 3K, the following is a list of the documents attached to the

Notice of Removal:

1.  Copies of all executed process in the case including the following:

    Defendants' service of process.

2.  Copies of pleadings asserting causes of action and any answers to such pleadings, including the following:

    Plaintiff's Original Petition.
    Defendant Reese Pharmaceutical Company's Original Answer.
    Defendant Summer Optical: EMS Contract Packaging's Original Answer.

3.  A copy of the docket sheet from the County Court at Law No. 2 of Cameron County, Texas;

4.  A list of all known counsel of record, including addresses, telephone numbers and parties represented; and

5.   A true and correct copy of the Plaintiff's counsel's correspondence dated May 1, 2000.

Respectfully submitted,

**GRIGGS & HARRISON, P.C.**

By: _____
    ~~JOHN~~ D. MARZIOTTI
    State Bar No. 13145575
    **STATON M. CHILDERS**
    State Bar No. 00796348
    1301 McKinney, Suite 3200
    Houston, Texas  77010-3033
    (713) 651-0600 / (713) 651-1944 — FAX

**ATTORNEYS FOR DEFENDANT
REESE PHARMACEUTICAL COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served upon all counsel of record via certified mail, return receipt requested, hand delivery and/or facsimile transmission on this the _____ day of March 2001.

_____
STATON M. CHILDERS

# EXHIBIT 1

CVisPDF – www.fastio.com



Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.004.01

No. 2001-CCL-00071-B

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: MR. GEORGE REESE, III
    REESE PHARMACEUTICAL COMPANY
    P.O. BOX 1957
    CLEVELAND, OH 44106

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
                        ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
            LOUIS S. SOROLA        (Attorney for Plaintiff or Plaintiff),
whose address is 2355 BARNARD RD., SUITE A BROWNSVILLE, TEXAS   78521
on the 30th day of  JANUARY , A.D. 2001, in this case numbered 2001-CCL-00071-B
on the docket of said court, and styled,

                    CONNIE CEBALLOS
                         vs.
               REESE PHARMACEUTICAL ET AL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's                ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of  JANUARY , A.D. 2001.

                        JOE G. RIVERA        , County Clerk
                    Cameron County
                    974 E. Harrison St.
                    (P.O. Box 2178)
                    Brownsville, Texas 78522-2178

                    By:                            , Deputy
                        ELVIA MARIBEL ALATORRE

## R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, ____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to

in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____.

FEES serving 1 copy

Total....... $_____      Sheriff/Constable _____ County,

Fees paid by:_____      By _____, Deputy

Citation for Personal Service - NON-RESIDENT NOTICE     Lit. Seq. # 5.003.01

No. 2001-CCL-00071-B

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: PRESIDENT
    YOUNG AGAIN PRODUCTS
    3608B OLEANDER DRIVE, SUITE 310
    WILMINGTON, NC 28403

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
                            ORIGINAL PETITION
at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
        LOUIS S. SOROLA        (Attorney for Plaintiff or Plaintiff),
whose address is 2355 BARNARD RD., SUITE A BROWNSVILLE, TEXAS    78521
on the 30th day of  JANUARY , A.D. 2001, in this case numbered 2001-CCL-00071-B
on the docket of said court, and styled,

                    CONNIE CEBALLOS
                         vs.
            REESE PHARMACEUTICAL ET AL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's _____ ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of  JANUARY , A.D. 2001.

                        JOE G. RIVERA        , County Clerk
                        Cameron County
                        974 E. Harrison St.
                        (P.O. Box 2178)
                        Brownsville, Texas 78522-2178

                    By: _____ , Deputy
                        ELVIA MARIBEL ALATORRE

R E T U R N   O F   O F F I C E R

Came to hand the ____ day of _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____.

FEES serving 1 copy
                        Sheriff/Constable _____ County,
Total....... $_____
                            By _____ , Deputy
Fees paid by:_____

.. 03/09/2001 11:16 FAX 361 883 8353  .010-985-5454  BHM&V  Feb 20 01  15:16 No.013 P.03  @002



Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

### No. 2001-CCL-00071-B

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: PRESIDENT
SUMMER OPTICAL: EMS CONTRACT PACKAGING
P.O. BOX 162
FT. WASHINGTON, PA 19034

the _____ DEFENDANT ____ , GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by LOUIS S. SOROLA        (Attorney for Plaintiff or Plaintiff), whose address is 2355 BARNARD RD., SUITE A BROWNSVILLE, TEXAS    78521 on the 30th day of JANUARY , A.D. 2001, in this case numbered 2001-CCL-00071-B on the docket of said court, and styled,

CONNIE CEBALLOS
vs.
REESE PHARMACEUTICAL ET AL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's _____ ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of JANUARY , A.D. 2001.

JOE G. RIVERA _____ , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _____ , Deputy
ELVIA MARIBEL ALATORRE

## R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to

in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____

Cause of failure to execute this citation is: _____

FEES serving 1 copy

Total....... $_____

Fees paid by: _____

Sheriff/Constable _____ County,

By _____ , Deputy

# EXHIBIT 2

CibPDF - www.fastio.com

NO. <u>2001-CCL-000011</u>



FILED FOR RECORD
_____ O'CLOCK _____ M
JAN 3 0 2001
JOE G. RIVERA
CAMERON COUNTY CLERK
By_____
_____ Deputy

| | |
|---|---|
| CONNIE CEBALLOS<br>Plaintiff, | § IN THE COUNTY COURT AT LAW<br>§<br>§ |
| V. | § NO. 2 |
| REESE PHARMACEUTICAL<br>COMPANY, SUMMER OPTICAL:<br>EMS CONTRACT PACKAGING and<br>YOUNG AGAIN PRODUCTS<br>Defendants. | §<br>§<br>§<br>§<br>§ CAMERON COUNTY, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Connie Ceballos, hereinafter called Plaintiff, complaining of and about Reese Pharmaceutical Company, Summer Optical: EMS Contract Packaging, and Young Again Products, hereinafter called Defendants, and for cause of action shows unto the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

## PARTIES AND SERVICE

2      Plaintiff, Connie Ceballos, is an Individual who resides in Cameron County, Texas.

3.      Defendant, Reese Pharmaceutical Company, is a nonresident corporation, which may be served pursuant to article 2.09 of the Business Corporation Act by serving, George Reese III, at Post Office Box 1957 Cleveland, Ohio, 44106. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

4.      Defendant, Summer Optical: EMS Contract Packaging, is a nonresident corporation, which may be served pursuant to article 2.09 of the Business Corporation Act by serving the President at Post Office Box 162, Ft. Washington, Pennsylvania 19034. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

5.      Defendant, Young Again Products, is a nonresident corporation, which may be served pursuant to article 2.09 of the Business Corporation Act by serving the President at 3608B Oleander Drive, Suite 310, Wilmington, North Carolina 28403. Service of said Defendant as described above

1



CVisPDF - www.fxvisa.com

can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     This court has jurisdiction over Defendant, Reese Pharmaceutical Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Reese Pharmaceutical Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.     Plaintiff would show that Defendant, Reese Pharmaceutical Company, had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

9.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant, Reese Pharmaceutical Company, to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

10.     Furthermore, Plaintiff would show that Defendant, Reese Pharmaceutical Company, engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

11.     This court has jurisdiction over Defendant, Summer Optical: EMS Contract Packaging, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Summer Optical: EMS Contract Packaging will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12.     Plaintiff would show that Defendant, Summer Optical: EMS Contract Packaging, had

2

continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

13.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant, Summer Optical: EMS Contract Packaging, to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

14.     Furthermore, Plaintiff would show that Defendant, Summer Optical: EMS Contract Packaging, engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

15.     This court has jurisdiction over Defendant, Young Again Products, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Young Again Products will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

16.     Plaintiff would show that Defendant, Young Again Products, had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

17.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant, Young Again Products, to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

18.     Furthermore, Plaintiff would show that Defendant, Young Again Products, engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

19.     Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions

3

giving rise to this lawsuit occurred in this county.

20.    Furthermore, venue of this action is also proper in this county pursuant to Texas Business & Commerce Code § 17.56(2), as amended in 1995, because Defendants and/or an authorized agent of Defendants, solicited the transaction on which this lawsuit is based in the county of suit.

STATUTORY AUTHORITY

21.    This suit is brought, in part, pursuant to the Texas Business & Commerce Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited in this petition as the "DTPA."

NOTICE AND CONDITIONS PRECEDENT

22.    Defendants were given notice in writing of the claims made in this petition including a statement of plaintiff's economic damages and expenses, including attorney's fees, more than sixty (60) days before this suit was filed in the manner and form required by DTPA § 17.505(a).

23.    All conditions precedent necessary to maintain this action have been performed or have occurred.

FACTS

24.    On or about December 8, 1999, Plaintiff, Connie Ceballos, purchased K-Fade Vitamin K 1% Creme from Drug Emporium in Brownsville, Texas, and applied the over the counter creme, K-Fade Vitamin K 1% Creme. While using the K-Fade Vitamin K 1% Creme for the purpose and in the manner in which it was intended to be used, suddenly and without warning the creme began to burn Ms. Ceballos' skin, injuring and disfiguring her, as hereinafter described. The K-Fade Vitamin K 1% Creme was purchased and applied by the Plaintiff in Cameron County, Texas.

25.    Prior to December 8, 1999, Defendant, Reese Pharmaceutical Company, made representations the K-Fade Vitamin K 1% Creme in question was an all natural product. Prior to December 8, 1999, Defendant, Reese Pharmaceutical Company, knew the K-Fade Vitamin K 1% Creme in question was not an all natural product.

4

26.     Prior to December 8, 1999, Defendant, Summer Optical: EMS Contract Packaging, made representations the K-Fade Vitamin K 1% Creme in question was an all natural product.  Prior to December 8, 1999, Defendant, Summer Optical: EMS Contract Packaging, knew the K-Fade Vitamin K 1% Creme in question was not an all natural product.

27.     Prior to December 8, 1999, Defendant, Young Again Products, made representations the K-Fade Vitamin K 1% Creme in question was an all natural product.  Prior to December 8, 1999, Defendant, Young Again Products, knew the K-Fade Vitamin K 1% Creme in question was not an all natural product.

28.     Prior to December 8, 1999, Defendant, Reese Pharmaceutical Company, chose to use synthetic Vitamin K instead of natural Vitamin K in the production of the K-Fade Vitamin K 1% Creme in question.

29.     Prior to December 8, 1999, Defendant, Reese Pharmaceutical Company, was warned that the use of synthetic Vitamin K instead of natural Vitamin K in the production of the K-Fade Vitamin K 1% Creme in question could cause severe skin irritation and disfigurement.

30.     Prior to December 8, 1999, Defendant, Reese Pharmaceutical Company, chose not to place a warning label on the K-Fade Vitamin K 1% Creme in question.

31.     Prior to December 8, 1999, Defendant, Summer Optical: EMS Contract Packaging, chose to use synthetic Vitamin K instead of natural Vitamin K in the production of the K-Fade Vitamin K 1% Creme in question.

32.     Prior to December 8, 1999, Defendant, Summer Optical: EMS Contract Packaging, knew that the use of synthetic Vitamin K instead of natural Vitamin K in the production of the K-Fade Vitamin K 1% Creme in question could cause skin irritation and disfigurement.

33.     Prior to December 8, 1999, Defendant, Summer Optical: EMS Contract Packaging, chose not to place a warning label on the K-Fade Vitamin K 1% Creme in question.

34.     Prior to December 8, 1999, Defendant, Young Again Products, chose to use synthetic Vitamin K instead of natural Vitamin K in the production of the K-Fade Vitamin K 1% Creme in

5

question.

35.     Prior to December 8, 1999, Defendant, Young Again Products, knew that the use of synthetic Vitamin K instead of natural Vitamin K in the production of the K-Fade Vitamin K 1% Creme in question could cause skin irritation and disfigurement.

36.     Prior to December 8, 1999, Defendant, Young Again Products, chose not to place a warning label on the K-Fade Vitamin K 1% Creme in question.

## ₁LIABILITY OF REESE PHARMACEUTICAL COMPANY

37.     While engaged in the sale of the K-Fade Vitamin K 1% Creme, Defendant, Reese Pharmaceutical Company sold a certain K-Fade Vitamin K 1% Creme and other like products, to consumers within the stream of commerce. Defendant, Reese Pharmaceutical Company intended and expected that the K-Fade Vitamin K 1% Creme, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

38.     Plaintiff, Connie Ceballos, also alleges that the product in question, namely the K-Fade Vitamin K 1% Creme, was defective and unsafe for its intended purposes at the time it left the control of Reese Pharmaceutical Company and at the time it was sold in that it failed in its design to cover varicose veins. The product was defectively designed and unreasonably dangerous in that it cause the Plaintiff severe chemical burns to her body.

39.     Plaintiff therefore invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2d, and as adopted by the Supreme Court of Texas. Further, in this connection, Plaintiff would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

40.     In addition, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Reese Pharmaceutical Company in one or more of the following respects, or by combination thereof:

> A.     Failure of the said K-Fade Vitamin K 1% Creme for the purpose it was designed;

6

B.    Failing to properly warn Plaintiff about the condition of said K-Fade Vitamin K 1% Creme and its composition; and

C.    Negligently inviting, enticing, and/or directing Plaintiff into said K-Fade Vitamin K 1% Creme.

All of which Defendant, Reese Pharmaceutical Company knew, or in the exercise of ordinary care, should have known.

41.    In addition, Defendant, Reese Pharmaceutical Company, expressly and impliedly warranted to the public generally, that the K-Fade Vitamin K 1% Creme was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

42.    Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

43.    Also, Defendant, Reese Pharmaceutical Company, made representations that the K-Fade Vitamin K 1% Creme was of a particular type and it was not. Defendant, Reese Pharmaceutical Company, misrepresented the characteristics, uses, benefits, standard and quality of the product. For this reason, the representations were false, misleading and deceptive as defined in DTPA § 17.46(b)(5) and (7), and this conduct is actionable under DTPA § 17.50.

44.    Defendant, Reese Pharmaceutical Company, had an actual awareness of the falsity, deception, and unfairness of the acts and practices set forth above in that they knew the product used synthetic Vitamin K in its manufacturing and this conduct is actionable under DTPA § 17.50.

45.    Additionally, Defendant, Reese Pharmaceutical Company, had the specific intent that Plaintiff act in detrimental reliance on the falsity and deception and this conduct is actionable under DTPA § 17.50.

## LIABILITY OF SUMMER OPTICAL: EMS CONTRACT PACKAGING

46.    While engaged in the manufacture and sale of the K-Fade Vitamin K 1% Creme, Defendant, Summer Optical: EMS Contract Packaging manufactured and sold a certain K-Fade

7

CAMPDF - www.fadea.com

Vitamin K 1% Creme and other like products, to consumers within the stream of commerce. Defendant, Summer Optical: EMS Contract Packaging intended and expected that the K-Fade Vitamin K 1% Creme, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

47.     Plaintiff, Connie Ceballos, also alleges that the product in question, namely the K-Fade Vitamin K 1% Creme, was defective and unsafe for its intended purposes at the time it left the control of Summer Optical: EMS Contract Packaging and at the time it was sold in that it failed in its design to cover varicose veins. The product was defectively designed and unreasonably dangerous in that it cause the Plaintiff severe chemical burns to her body.

48.     Plaintiff therefore invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2d, and as adopted by the Supreme Court of Texas. Further, in this connection, Plaintiff would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

49.     In addition, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Summer Optical: EMS Contract Packaging in one or more of the following respects, or by combination thereof:

    A.     Failure of the said K-Fade Vitamin K 1% Creme for the purpose it was designed;

    B.     Failing to properly warn Plaintiff about the condition of said K-Fade Vitamin K 1% Creme; and

    C.     Negligently inviting, enticing, and/or directing Plaintiff into said K-Fade Vitamin K 1% Creme.

50.     Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of negligence attributable to Summer Optical: EMS Contract Packaging in one or more of the following respects, or by a combination thereof:

    A.     Failing to use due care in the manufacture of the K-Fade Vitamin K 1%

8

Creme;

B.  Failing to use due care in the design of the K-Fade Vitamin K 1% Creme;

C.  Failing to use proper materials reasonably suited to the manufacture or design of the K-Fade Vitamin K 1% Creme or the component thereof; and

D.  Failing to use due care to test and/or inspect the K-Fade Vitamin K 1% Creme or the component parts thereof to determine its ability for the purpose for which it was intended.

51.    Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Summer Optical: EMS Contract Packaging in one or more of the following respects, or by a combination thereof:

A.  Failing to place the K-Fade Vitamin K 1% Creme on the market with a warning to the users of the creme that the K-Fade Vitamin K 1% Creme might cause burns due to its synthetic nature.

All of which Defendant, Summer Optical: EMS Contract Packaging knew, or in the exercise of ordinary care, should have known.

52.    In addition, Defendant Summer Optical: EMS Contract Packaging expressly and impliedly warranted to the public generally, that the K-Fade Vitamin K 1% Creme was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

53.    Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

54.    Also, Defendant, Summer Optical: EMS Contract Packaging, made representations that the K-Fade Vitamin K 1% Creme was of a particular type and it was not.  Defendant, Summer Optical: EMS Contract Packaging, misrepresented the characteristics, uses, benefits, standard and quality of the product   For this reason, the representations were false, misleading and deceptive as defined in DTPA § 17.46(b)(5) and (7); and this conduct is actionable under DTPA § 17.50.

9

55.     Defendant, Summer Optical: EMS Contract Packaging, had an actual awareness of the falsity, deception, and unfairness of the acts and practices set forth above in that they knew the product used synthetic Vitamin K in its manufacturing and this conduct is actionable under DTPA § 17.50.

56.     Additionally, Defendant, Summer Optical: EMS Contract Packaging, had the specific intent that Plaintiff act in detrimental reliance on the falsity and deception and this conduct is actionable under DTPA § 17.50.

## LIABILITY OF YOUNG AGAIN PRODUCTS

57.     While engaged in the manufacture and sale of the K-Fade Vitamin K 1% Creme, Defendant, Young Again Products manufactured and sold a certain K-Fade Vitamin K 1% Creme and other like products, to consumers within the stream of commerce.  Defendant, Young Again Products intended and expected that the K-Fade Vitamin K 1% Creme, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

58.     Plaintiff, Connie Ceballos, also alleges that the product in question, namely the K-Fade Vitamin K 1% Creme, was defective and unsafe for its intended purposes at the time it left the control of Young Again Products and at the time it was sold in that it failed in its design to cover varicose veins  The product was defectively designed and unreasonably dangerous in that it cause the Plaintiff severe chemical burns to her body.

59.     Plaintiff therefore invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2d, and as adopted by the Supreme Court of Texas.  Further, in this connection, Plaintiff would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

60.     In addition, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Young Again Products in one or more of the following respects, or by combination

10

thereof:

    A.    Failure of the said K-Fade Vitamin K 1% Creme for the purpose it was designed;

    B.    Failing to properly warn Plaintiff about the condition of said K-Fade Vitamin K 1% Creme; and

    C.    Negligently inviting, enticing, and/or directing Plaintiff into said K-Fade Vitamin K 1% Creme.

61.    Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of negligence attributable to Young Again Products in one or more of the following respects, or by a combination thereof:

    A.    Failing to use due care in the manufacture of the K-Fade Vitamin K 1% Creme;

    B.    Failing to use due care in the design of the K-Fade Vitamin K 1% Creme;

    C.    Failing to use proper materials reasonably suited to the manufacture or design of the K-Fade Vitamin K 1% Creme or the component thereof; and

    D.    Failing to use due care to test and/or inspect the K-Fade Vitamin K 1% Creme or the component parts thereof to determine its ability for the purpose for which it was intended.

62.    Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Young Again Products in one or more of the following respects, or by a combination thereof:

    A.    Failing to place the K-Fade Vitamin K 1% Creme on the market with a warning to the users of the creme that the K-Fade Vitamin K 1% Creme might cause burns due to its synthetic nature.

All of which Defendant, Young Again Products knew, or in the exercise of ordinary care, should have known.

63.    In addition, Defendant Young Again Products expressly and impliedly warranted to the public generally, that the K-Fade Vitamin K 1% Creme was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner

11

Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

64.     Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

65.     Also, Defendant, Young Again Products, made representations that the K-Fade Vitamin K 1% Creme was of a particular type and it was not.   Defendant, Young Again Products, misrepresented the characteristics, uses, benefits, standard and quality of the product.   For this reason, the representations were false, misleading and deceptive as defined in DTPA § 17.46(b)(5) and (7); and this conduct is actionable under DTPA § 17.50.

66.     Defendant, Young Again Products, had an actual awareness of the falsity, deception, and unfairness of the acts and practices set forth above in that they knew the product used synthetic Vitamin K in its manufacturing and this conduct is actionable under DTPA § 17.50.

67.     Additionally, Defendant, Young Again Products, had the specific intent that Plaintiff act in detrimental reliance on the falsity and deception and this conduct is actionable under DTPA § 17.50.

## EXEMPLARY DAMAGES

68.     Defendant,  Reese Pharmaceutical Company's, specific intent to cause substantial injury to the Plaintiff; or Defendant, Reese Pharmaceutical Company's, acts or omissions, which when viewed objectively from the standpoint of the Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

69.     Defendant, Reese Pharmaceutical Company's, acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

70.     Defendant, Reese Pharmaceutical Company, had actual, subjective awareness of the

12

risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

71. Therefore, for such malice on behalf of Defendant, Reese Pharmaceutical Company, Plaintiff sues for exemplary damages in an amount to be determined at trial.

72. Defendant, Summer Optical: EMS Contract Packaging's, specific intent to cause substantial injury to the Plaintiff, or Defendant, Summer Optical: EMS Contract Packaging's, acts or omissions, which when viewed objectively from the standpoint of the Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

73. Defendant, Summer Optical: EMS Contract Packaging's, acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

74. Defendant, Summer Optical. EMS Contract Packaging, had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

75. Therefore, for such malice on behalf of Defendant, Summer Optical: EMS Contract Packaging, Plaintiff sues for exemplary damages in an amount to be determined at trial.

76. Defendant, Young Again Products', specific intent to cause substantial injury to the Plaintiff, or Defendant, Young Again Products', acts or omissions, which when viewed objectively from the standpoint of the Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

77. Defendant, Young Again Products', acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of

13

risk, considering the probability of harm to Plaintiff and others.

78.    Defendant, Young Again Products, had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

79.    Therefore, for such malice on behalf of Defendant, Young Again Products, Plaintiff sues for exemplary damages in an amount to be determined at trial

## ADDITIONAL STATUTORY DAMAGES FOR PLAINTIFF

80.    Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times that portion of her actual damages which exceeds $ 1,000.00 as authorized by DPTA § 17.50(b)(1).

## ATTORNEYS' FEES

81.    Plaintiff seeks as reasonable and necessary attorneys fees in this case to include preparation and trial of this suit along with all post trial proceedings as authorized by DPTA.

## DAMAGES FOR PLAINTIFF, CONNIE CEBALLOS

82.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Connie Ceballos, was caused to suffer severe chemical burns and disfigurement to her body, and has incurred the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

14

G.  Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

H.  Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

I.  Disfigurement in the past;

J.  Disfigurement in the future;

K.  Mental anguish in the past;

L.  Mental anguish in the future;

M.  Fear of future disease or condition; and

N.  Cost of medical monitoring and prevention in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Connie Ceballos, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Tex. Civ. Prac. & Rem. Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Tex. Civ. Prac. & Rem. Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

SOROLA & GARCIA, P.L.L.C.

By: _____
Louis S. Sorola
Texas Bar No  00794990
2355 Barnard Road, Suite A
Brownsville, Texas  78520
Tel. (956)504-2911
Fax. (956)544-7766
Attorney for Plaintiff, Connie Ceballos

15

## CAUSE NO. 2001-CCL-0007113

| | | |
|---|---|---|
| CONNIE CEBALLOS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NUMBER TWO (2) |
| | § | |
| REESE PHARMACEUTICAL | § | |
| COMPANY, SUMMER OPTICAL: | § | |
| EMS CONTRACT PACKAGING and | § | |
| YOUNG AGAIN PRODUCTS | § | CAMERON COUNTY, TEXAS |

### REESE PHARMACEUTICAL COMPANY'S
### ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REESE PHARMACEUTICAL COMPANY ("Defendant"), a Defendant

in the above entitled and numbered cause, and for answer to the Plaintiff's pleadings on file

herein, would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, this Defendant, denies

each and every, all and singular, the material allegations contained in Plaintiff's pleadings

filed herein, and demands strict proof thereof, as required by the laws of this state of persons

or entities who bring suit as the Plaintiff does in the instant case.

### II.

Defendant respectfully reserves the right at this time to amend this original answer to

the Plaintiff's allegations after said Defendant has the opportunity to more closely investigate

these claims, as is the right and privilege of said Defendant under the Rules of Civil

Procedure and the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant, **REESE**

**PHARMACEUTICAL COMPANY**, having fully answered herein, prays that it go hence

without day for costs, and for such other and further relief, both special and general, at law

and in equity, to which the said Defendant may be justly entitled.

Respectfully submitted,

**GRIGGS & HARRISON, P.C.**

By: _____

**JOHN D. MARZIOTTI**
State Bar No. 13145575
**STATON M. CHILDERS**
State Bar No. 00796348
1301 McKinney, Suite 3200
Houston, Texas 77010-3033
(713) 651-0600 / (713) 651-1944 — FAX

**ATTORNEYS FOR DEFENDANT
REESE PHARMACEUTICAL COMPANY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served upon all counsel of record via certified mail, return receipt requested, hand delivery and/or facsimile transmission on this the ____7____ day of March, 2001.

_____
JOHN D. MARZIOTTI

SCHILDERS\200158\236072_1                  - 2 -

# CAUSE NO. 2001-CCL-00071B

| | | |
|---|---|---|
| CONNIE CEBALLOS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. 2 |
| | § | |
| REESE PHARMACEUTICAL | § | |
| COMPANY, SUMMER OPTICAL, | § | |
| EMS CONTRACT PACKAGING AND | § | |
| YOUNG AGAIN PRODUCTS | § | CAMERON COUNTY, TEXAS |

## DEFENDANT SUMMER OPTICAL, EMS CONTRACT PACKAGING'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **SUMMER OPTICAL, EMS CONTRACT PACKAGING**, Defendant in the above styled and numbered cause, and files this its Answer to Plaintiff's Original Petition on file herein, and for such Answer would respectfully show the Court as follows:

I.

Defendant generally denies the allegations contained in Plaintiff's Original Petition and, upon this denial demands a trial of the issues.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing against it by reason of his suit, but that Defendant have judgment, for costs of suit and for general relief.

Respectfully submitted,

**BARGER, HERMANSEN, McKIBBEN
& VILLARREAL**
1100 Tower II
555 North Carancahua
Corpus Christi, TX  78478
(361)882-6611
(361)883-8353 (FAX)

By: _____

Tom Hermansen
State Bar No. 09514000

**ATTORNEYS FOR DEFENDANT
SUMMER OPTICAL, EMS CONTRACT
PACKAGING**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was
forwarded as stated below to all counsel of record on this 28th day of February, 2001.

**VIA CERTIFIED MAIL**:
Mr. Louis S. Sorola
**SOROLA & GARCIA, P.L.L.C.**
2355 Barnard Road, Suite A
Brownsville, Texas 78520

Mr. Staton Shoulders
**GRIGGS & HARRISON**
Attorneys at Law
1301 McKinney, Suite 3200
Houston, Texas 77010

_____

Tom Hermansen

# EXHIBIT 3

CVISPDF – www.fastio.com

```
09/01
23 PM
```

```
▲  ▲  ▲    C L E R K ' S   E N T R I E S   ●     ●    ●   ●
```

CONNIE CEBALLOS
VS
REESE PHARMACEUTICAL ET AL

(00447101) LOUIS S. SOROLA

(00035601) HON. TOM HERMANSEN

(02)                           01

SUIT ON DAMAGES (BODILY)

```
01/30/01  ORIGINAL PETITION FILED
01/30/01  CITATION TO BE P/UP BY ATTY'S OFFICE
                   EMA
01/31/01  CITATION: REESE PHARMACEUTICAL
                   SERVED:
01/31/01  CITATION: SUMMER OPTICAL:EMS CONTRACT
          PACKAGING
01/31/01     SERVED: 02/20/01      FILED: 02/28/.
01/31/01  CITATION: YOUNG AGAIN PRODUCTS
01/31/01     SERVED: 02/17/01      FILED: 02/28/.
03/02/01  ORIGINAL ANSWER: SUMMER OPTICAL:EMS
          CONTRACT PACKAGING
```

# EXHIBIT 4

CVisPDF – www.fastio.com

# EXHIBIT 5

CVisPDF – www.fasiio.com

# LAW OFFICE OF RICK CANALES
## 845 EAST HARRISON
## BROWNSVILLE, TEXAS 78520

PHONE (956) 546-7766                                    FAX (956) 546-6885

Mr. Maraziotti
Griggs and Harrison
Attorneys at Law
1301 McKinney, Suite 3200
Houston, Texas 77010

Your Insured: Reese Chemicals
Date of Accident: December 9, 1999
My Client: Connie Ceballos
Today's Date: May 1, 2000

SETTLEMENT DEMAND BASED ON EXPENSES

My client has incurred the following amounts of actual expenses:

| | | | |
|---|---|---|---|
| A. | Dr. Gustavo Stern, M.D. | $ | 1,472.50 |
| B. | Tanner Emergency Physicians (Dr. Ruben Lerma 12-09-99) | $ | 103.00 |
| C. | Tanner Emergency Physicians (Dr. Gulam Kahn 12-11-99) | $ | 176.00 |
| D. | Brownsville Medical Center  (12-09-99) | $ | 317.00 |
| E. | Brownsville Medical Center  (12-11-99) | $ | 1,250.00 |
| F. | Prescription Drugs | $ | 73.36 |
| G. | Sub-total | $ | 3,391.86 |

My client also anticipates the future medical expense:

| | | | |
|---|---|---|---|
| H. | Dermablend Leg cover cream   for the next 67 months @ 14.50 | $ | 971.50 |
| I. | Dermablend leg cover powder  for the next 67 months @ 17.00 | $ | 1,139.00 |
| J. | Total of Above | $ | 5,502.36 |

Enclosed please find all medical records and itemized statements on the above referenced person.

In addition to the above, my client has sustained substantial pain and suffering for which a precise dollar amount cannot be shown.  In the interest of resolving this claim. I am extending an invitation to you settle this claim by May 30, 2000 for the sum of $ 85,000.00 dollars or in the alternative we ask that you tender the policy limits involved in this case.

In the event that we cannot come to an agreement by said date we shall file a lawsuit. WE PLACE YOU ON NOTICE THAT WE SHALL HOLD YOU LIABLE FOR ANY EXCESS VERDICT THAT MAY BE RENDERED IN THIS CASE IF IT IS LITIGATED.

Very truly yours,

Rick Canales

RC/mc
enc.
cc: file