3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**Brownsville Division**

United States District Court
Southern District of Texas
FILED

MAR 1 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CONNIE CEBALLOS, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | : Civil No.   $B - 01 - 41$ |
| | : |
| REESE PHARMACEUTICAL CO., et. al., | : |
| | : |
| **Defendants.** | : |

## YOUNG AGAIN PRODUCTS INC.'S ANSWER
## SUBJECT TO ITS MOTION TO DISMISS
## FOR LACK OF PERSONAL JURSDICTION

Young Again Products, Inc.,  (hereinafter "YAP"), by and through its attorneys, Bill

McCarthy, Eaton & Associates, P.C. and Mark A. Freeman, Freeman & Freeman, P.C., pursuant

to Fed. R. Civ. P. 81(c), subject to a ruling on its Motion to Dismiss for Lack of Personal

Jurisdiction, and in response to the allegations contained in Plaintiff's complaint, YAP answers as

follows:

### DISCOVERY CONTROL PLAN LEVEL

1.      Defendant YAP submits that this paragraph is irrelevant to the proceedings as a

result of the Removal to this Court.

### PARTIES AND SERVICE

2.      Defendant YAP is without sufficient knowledge to either admit or deny the

allegation contained in Paragraph 2.

3.      Defendant YAP is without sufficient knowledge to either admit or deny the

allegations contained in Paragraph 3.

   4.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4.

   5.  Defendant YAP admits that it is a nonresident corporation but denies that it is subject to service under article 2.09 of the Business Corporation Act or that it can be served via certified mail, return receipt requested.

**JURISDICTION AND VENUE**

   6.  Admited.

   7.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7.

   8.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8.

   9.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9.

   10.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10.

   11.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11.

   12.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12.

   13.  Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13.

2

CVisPDF - www.fastio.com

14.    Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14.

15.    Defendant YAP denies that this Court has jurisdiction over Defendant YAP.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

## STATUTORY AUTHORITY

21.    Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 21.  Defendant YAP denies any deceptive trade practices.

## NOTICE AND CONDITIONS PRECEDENT

22.    Denied.  ********DID WE GET A LETTER FROM PLAINTIFF RE: THIS ON OR BEFORE NOVEMBER 30, 2000*******

23.    Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 23.

## FACTS

24.    Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 24.

25.    Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 25.

26.    Defendant YAP is without sufficient knowledge to either admit or deny the

3

allegations contained in Paragraph 26.

27.     Denied.

28.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 28.

29.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 29.

30.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 30.

31.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 31.

32.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 32.

33.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 33.

34.     Denied.

35.     Denied.

36.     Denied.

## LIABILITY OF REESE PHARMACEUTICAL COMPANY

37.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 37.

38.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 38, as they pertain to Reese.  Defendant YAP denies the

4

remainder of the allegations.

39.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 39, as they pertain to Reese.  Defendant YAP denies the remainder of the allegations.

40.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 40, as they pertain to Reese.  Defendant YAP denies the remainder of the allegations.

41.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 41.

42.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 42.

43.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 43.

44.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 44.

45.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 45.

## LIABILITY OF SUMMER OPTICAL: EMS CONTRACT PACKAGING

46.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 46.

47.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 47, as they pertain to EMS.  Defendant YAP denies the

5

remainder of the allegations.

48.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 48 as they pertain to EMS.  Defendant YAP denies the remainder of the allegations.

49.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 49 as they pertain to EMS.  Defendant YAP denies the remainder of the allegations.

50.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 50.

51.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 51.

52.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 52.

53.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 53.

54.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 54.

55.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 55.

56.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 56.

## LIABILITY OF YOUNG AGAIN PRODUCTS

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

## EXEMPLARY DAMAGES

68.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 68.

69.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 69.

70.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 70.

71.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 71.

72.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 72.

73.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 73.

74.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 74.

75.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 75.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

## ADDITIONAL STATUTORY DAMAGES FOR PLAINTIFF

80.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 80 as they relate to Plaintiff's intentions.  Defendant YAP denies the remainder of the allegations.

## ATTORNEYS' FEES

81.     Defendant YAP is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 81 as they relate to Plaintiff's intentions.  Defendant YAP denies the remainder of the allegations.

## DAMAGES FOR PLAINTIFF, CONNIE CEBALLOS

82.     Denied.

## AFFIRMATIVE DEFENSES

83.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

84.     The injuries or damages to Plaintiff, if any, were caused as a result of the sole and/or contributory negligence of Plaintiff.

85.     The injuries and damages to Plaintiff, if any, were caused by the sole intervening and/or superseding acts of negligence on the part of parties over whom Defendant YAP had no control or right of control.

86.     Defendant YAP denies all allegations of negligence, denies that Plaintiff was injured or damaged by reason of the actions of Defendant YAP, and denies that Plaintiff was injured or damaged to the extent alleged.

87.     Plaintiff's losses and damages, if any, are the result of the intentional or negligent acts of others.

88.     No act, statement, and/or omission of the Defendant YAP was the substantial cause or factor of any injury alleged by Plaintiff.

89.     Plaintiff's claims are barred by the applicable Statute of Limitations.

90.     Defendant YAP is entitled to a set off for all sums of monies recovered by or on behalf of the Plaintiff by way of any settlement or judgment or otherwise which is entered into or received by Plaintiff from any party or non-party to this action.

91.     The claims set forth in Plaintiff's Complaint are barred by the doctrine of laches, waiver, or estoppel.

92.     Plaintiff's claims are barred under DTPA § 17.505(a) for inadequate notice of the claims to Defendant YAP.

93.     Defendant YAP is without full knowledge or information sufficient to form a belief as to the truth of certain factual averments made in Plaintiff's complaint.

94.     The product at issue in this case did not contain any manufacturing defects at any time and, in any event, at the time it left the possession and control of Defendant YAP.

95.     Plaintiff's claims are barred because the product at issue in this case was put to an improper use in contravention of clear product warnings and in violation of applicable law.

96.     Warranties, express or implied, were not provided with the sale of the product and/or were disclaimed.

97.     The product at issue in this case was substantially modified at the time of the incident that is the subject of the Complaint.

98.     Plaintiff's claims against Defendant YAP are barred by the doctrine of learned intermediary.

99.     YAP reserves the right to assert additional defenses which may come to light as the litigation develops.

WHEREFORE, Young Again Products, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint against YAP and enter judgment in favor of Defendant YAP and award all costs and attorney's fees expended in defense of this suit.

Respectfully submitted,

EATON & ASSOCIATES

By:  _____
     William J. McCarthy
     Bar No. 13372500;  FBN 2444
     2208 Primrose Avenue, Bldg C
     McAllen, TX 78504-4162

10

FREEMAN & FREEMAN, P.C.

By:     _Mark A. Freeman_ by WJM w/ permission

Mark A. Freeman
MD Federal Bar No. 013635
One Church Street
Suite 200
Rockville, Maryland 20850
(301) 315-0200

Attorneys for the Plaintiffs

11

## CERTIFICATE OF SERVICE

We **HEREBY CERTIFY** that a copy of the foregoing Defendant's Motion to Dismiss for Lack of Personal Jurisdiction was mailed first class, postage prepaid, on this ___19th___ day of March, 2001, to:

Bill McCarthy

12

ClikPDF - www.fastio.com