11

United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE CEBALLOS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. B-01-041** |
| | § | |
| **REESE PHARMACEUTICAL COMPANY,** | § | |
| **SUMMER OPTICAL: EMS CONTRACT** | § | |
| **PACKAGING and YOUNG AGAIN** | § | |
| **PRODUCTS, Inc.,** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff, Connie Ceballos, asks the court to deny Defendant, Young Again Products, Inc.'s, motion to dismiss for lack of personal jurisdiction and shows the following:

A. Introduction

1. Plaintiff sued defendant, in part, pursuant to the Texas Business & Commerce Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited the "DTPA." and for the following:

a. Failure of the said K-Fade Vitamin K 1% Creme for the purpose it was designed;

b. Failing to properly warn Plaintiff about the condition of said K-Fade Vitamin K 1% Creme;

c. Negligently inviting, enticing, and/or directing Plaintiff into said K-Fade Vitamin K 1% Creme;

d. Failing to use due care in the manufacture of the K-Fade Vitamin K 1% Creme;

e. Failing to use due care in the design of the K-Fade Vitamin K 1% Creme;






ClibPDF - www.fastio.com

f. Failing to use proper materials reasonably suited to the manufacture or design of the K-Fade Vitamin K 1% Creme or the component thereof;

g. Failing to use due care to test and/or inspect the K-Fade Vitamin K 1% Creme or the component parts thereof to determine its ability for the purpose for which it was intended; and

h. Failing to place the K-Fade Vitamin K 1% Creme on the market with a warning to the users of the creme that the K-Fade Vitamin K 1% Creme might cause burns due to its synthetic nature.

2. Defendant, Young Again Products, Inc., filed a motion to dismiss and asked that the court dismiss Plaintiff's suit for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

3. Plaintiff files this response asking the court to deny Defendant's motion at this time and allow the parties to conduct discovery.

<u>B. Response to Defendant's Arguments</u>

Minimum Contacts

4. The court should deny Defendant, Young Again Products, Inc.'s, motion to dismiss because, even if the court finds it does not have specific jurisdiction over defendant, Plaintiff has a good-faith belief that the Defendant engaged in continuous and systematic activity in the forum state. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996). For example, Defendant, Young Again Products Inc. knew on October 28, 1999, of a problem with vitamin K cream irritation. On or about November 11, 1999, Defendant, Young Again Products Inc., sent correspondence to Defendant, Reese Pharmaceutical Company, reflecting Young Again Products Inc.,'s knowledge that the products were for resale to other



ClibPDF - www.fastio.com

states. See Exhibit A attached which was provide by Defendant, Summer Optical: EMS Contract Packaging through Rule 26 initial disclosures. Through discovery, Plaintiff has a good-faith belief that she could show the court where the complaints of irritation by the vitamin K cream took place and that Defendant, Young Again Products, Inc., had actual knowledge that the product was entering the stream of commerce. Discovery will also allow the Plaintiff to determine in which states the product caused harmful reactions to consumers. Therefore, the court after discovery, will have general jurisdiction over Defendant, Young Again Products, Inc.

Fair Play

5. The court's assumption of jurisdiction over Defendant, Young Again Products, Inc., will not offend traditional notions of fair play and substantial justice and will be consistent with constitutional requirement of due process because the burden on Defendant, Young Again Products, Inc., to defend this law suit will not be over burdensome. All parties will obtain convenient and effective relief because the other two defendants have submitted to this court's jurisdiction. An efficient resolution to the controversy can be obtained in this court.

Defendant, Young Again Products, Inc., has retained local counsel who is competent to defend this action in this court. Dismissal of Defendant, Young Again Products, Inc., will cause litigation of the same facts and issues to take place in another jurisdiction.

C. Request for Opportunity to Engage in Discovery

6. Plaintiff requests that the court allow Plaintiff the opportunity to conduct discovery to discover jurisdictional facts so jurisdiction can be establish over Defendant, Young Again Products, Inc. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir 2000). In the Affidavit of Roger Mason of Defendant, Young Again Product, Inc., at



ClibPDF - www.fastio.com

paragraph 5 he states: "Young Again Products is not in the business of manufacturing Vitamin K cream." In paragraph 6 he states: "This Vitamin K Cream was provided and manufactured by Young Again Products exclusively for sale to Reese Pharmaceuticals." See Exhibit B attached. Paragraphs 5 and 6 contradict each other. Plaintiff contends that Young Again Products, Inc., knew that the sale to Defendant, Reese Pharmaceuticals Company, was intended to enter the stream of commerce.

Apparently, Young Again Products, Inc., and Reese Pharmaceuticals Company had a business relationship since February 10, 1998, as evidenced by page 1 of a labeling agreement between the parties. See Exhibit C attached which was provided by Defendant, Summer Optical: EMS Contract Packaging through Rule 26 initial disclosures. Only the first page of the labeling agreement was provided and discovery is required to determine the extent of the relationship between Defendant, Young Again Products, Inc., and Defendant, Reese Pharmaceutical Company.

On or about July 20, 1999, Defendant, Young Again Products Inc., sent correspondence to Defendant, Reese Pharmaceutical Company, reflecting Young Again Products, Inc.,'s knowledge that the products were for resale to a customer of Reese Pharmaceutical Company. See Exhibit D attached which was provided by Defendant, Summer Optical: EMS Contract Packaging through Rule 26 initial disclosures. The correspondence from Roger Mason states: "please tell your customer it will be menadione or K3 and get his OK." Discovery is required to determine the identity of the customer of Defendant, Reese Pharmaceutical Company, and Roger Mason's knowledge of the customer.

As of May, 7, 2001, neither of the Defendants, Reese Pharmaceutical Company or Young



ClibPDF - www.fastio.com

Again Products, Inc., have served the Plaintiff with Rule 26 Initial Disclosures. At this time, Plaintiff is unable to evaluate any documentation in the possession of said defendants which is discoverable.

D. Conclusion

7. The court's assumption of jurisdiction over Defendant, Young Again Products, Inc., will not offend traditional notions of fair play and substantial justice and will be consistent with constitutional requirement of due process and Plaintiff requests that the court allow Plaintiff the opportunity to conduct discovery before the court makes a final ruling on the jurisdictional issues.

E. Prayer

For these reasons, Plaintiff asks the court to deny Defendant, Young Again Products, Inc.,'s motion to dismiss and to retain them as a defendant in this civil action.

Respectfully submitted,

By: LOUIS S. SOROLA
Texas Bar No. 00794990
Fed Id No. 19533

Attorney in Charge for
Plaintiff, Connie Ceballos

OF COUNSEL:

SOROLA & GARCIA, P.L.L.C.
2355 Barnard Road, Suite A
Brownsville, Texas 78520
Telephone number: (956) 504-2911
Facsimile number: (956) 544-7766



ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

Pursuant to the provisions of Fed. R. Civ. P 5, I certify that on the 7th day of May, 2001, a true and correct copy of the foregoing pleading was forwarded via United States Postal Service, Certified Mail, Return Receipt Requested to counsel of record as follows:

Mr. William J. McCarthy (7000 0520 0017 4080 9708)
Eaton & Associates
2208 Primrose, Building C
McAllen, Texas 78504-4162

Mr. Mark A. Freeman (7000 0520 0017 4080 9715)
One Church Street
Suite 200
Rockville, Maryland 20850

Mr. Tom Hermansen (7000 0520 0017 4080 9722)
Barger, Hermansen, McKibben & Villarreal
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478

Mr. Staton M. Childers (7000 0520 0017 4080 9739)
Griggs & Harrison, P.C.
1301 McKinney, Suite 3200
Houston, Texas 77010-3033

Louis S. Sorola



ClibPDF - www.fastio.com



# Young Again Products, Inc.

3608-B Oleander Dr. #310, Wilmington, NC 28403
(910) 392-6775 phone/fax

November 11, 1999

George Reese, President
Reese Chemical Co.
Cleveland, OH




re: your order of November 2

Hi George,

You know when you send someone a purchase order it is a legally binding sale. And I also know you always honor your commitments. And you were well aware there is an occasional problem with irritation from using vitamin K topically.

If you would like to call the Food & Drug Administration their number is (301) 594-1086 and you can ask for a recall.

But you still owe us for the two thousand vitamin K creams at $2.00 apiece. We expect you to take delivery by the end of this month please or we'll have to take that as a refusal to take delivery at all. You'll still have about six months to sell them with 18 month dating left.

Here is an analysis showing a 0.964% vitamin K content on lot 99201. There are no other materials than the face cream ingredients.

The only other thing I can offer you is to not take the shipment and just pay us $3,000 (2,000 X $1.50) for the actual cost of the cream, instead of taking delivery at $4,000.

sincerely,

encl

Roger Mason

**Exhibit "A" Page 1 of 1**

**Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

RD B-8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**Brownsville Division**

| | | |
|---|---|---|
| **CONNIE CEBALLOS,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Civil No.** |
| **REESE PHARMACEUTICAL CO., et. al.,** | : | |
| **Defendants.** | : | |

**AFFIDAVIT OF ROGER MASON**

Roger Mason, being duly sworn, does depose and say as follows:

1. My name is Roger Mason. I am over 18 years of age and am competent to testify to the matters herein.

2. I am President of Young Again Products, Inc., (YAP), a Maryland corporation, a defendant in the above-captioned proceeding, and have been employed in that capacity since it inception.

3. In the above capacities, I have obtained first-hand knowledge of all products marketed by the corporation and have had access to all sales and marketing data of the corporation since its inception.

4. During the summer of 1999, Reese requested that Young Again Products provide a Vitamin K Cream according to specifications Reese provided to Young Again Products.

5. Young Again Products is not in the business of manufacturing Vitamin K cream.

**Exhibit "B" Page 1 of 3**

**Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

ClibPDF - www.fastio.com

6. This Vitamin K Cream was provided and manufactured by Young Again Products exclusively for sale to Reese Pharmaceuticals.

7. The Vitamin K product provided for Reese Pharmaceuticals has not been sold by Young Again Products to anyone other than Reese Pharmaceuticals.

8. All units of the Vitamin K Cream were shipped to Reese Pharmaceutical Company, Inc., in Cleveland, Ohio.

9. YAP shipped the Vitamin K Cream in two separate shipments of 2,000 two-ounce, unlabeled units per shipment. A third shipment of 2,000 two-ounce, unlabeled units was refused and destroyed.

10. Young Again Products understood that Reese Pharmaceutical Company was a small chemical company which conducted its business in the state of Ohio.

11. Young Again Products had no reason to believe that the Vitamin K cream would be sold in the state of Texas by Reese or any other entity

12. Young Again Products was not aware that Reese sold or intended to sell the Vitamin K cream in the state of Texas.

13. Young Again Products has never sold any Vitamin K cream in Texas.

14. I have not, in my official capacity as President of Young Again Products, traveled to Texas to promote or sell any Vitamin K products or for any other business purpose.

15 No officer, agent, or employee has traveled on behalf of Young Again Products to Texas to promote or sell any Vitamin K products or for any other business purpose.

16. Young Again Products has no employees in Texas.

17. Young Again Products has no office in Texas.

18. Young Again Products has never owned, bought, sold, or leased any property in Texas.

**Exhibit "B" Page 2 of 3**

**Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

ClibPDF - www.fastio.com

19. Young Again Products has never been registered to transact business in Texas.

20. Young Again Products does not maintain a website through which consumers may directly order any products manufactured by Young Again Products

I affirm, under the penalties of perjury that the foregoing representations are true.

Roger Mason

Roger Mason

March 21, 2001

Date

3-21-01

Linda G Marshall

Linda G Marshall

Notary

New Hanover County, NC

Com Exp 4-15-04

**Exhibit "B" Page 3 of 3**

**Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

ClibPDF - www.fastio.com






THE REESE PHARMACEUTICAL COMPANY
10617 FRANK AVENUE•P.O. BOX 1957•CLEVELAND, OHIO 44106•(216) 231-6441•(800) 321-7178•FAX (216) 231-6444
E-mail. reese@APK.net INTERNET: http://www.reesechemical.com

# LABELING AGREEMENT

This agreement is dated the 10th of February 1998 between YOUNG AGAIN PRODUCTS, 43 Randolph Road, #125, Silver Spring, Maryland 20904 (hereinafter called the "Supplier") and THE REESE PHARMACEUTICAL COMPANY, 10617 Frank Avenue, Cleveland, Ohio 44106(hereinafter called the "Purchaser").

WHEREAS the United States Food and Drug Administration (FDA) has stated that a shipment or other delivery of a drug or medical device which is, in accordance with the practice of the trade, to be processed, labeled, or repacked in substantial quantity at an establishment other than that where originally processed or packed, shall be exempt, during the time of holding in such establishment, from the compliance with the labeling and packaging requirements of Section 501 (b), (d), (e), (f), and (g) of the Federal Food, Drug, and Cosmetic Act if certain requirements as provided in 21 CFR 201 et al are met.

NOW THEREFORE, it is agreed as follows:

1. INTENT OF PARTIES:

   a. Purchaser agrees to process, label, or repack said product in accordance with the existing regulations governing same at time of receipt.

   b. Purchaser agrees that the goods will not be adulterated or misbranded within the meaning of the Federal Food, Drug, and Cosmetic Act upon Purchaser's completion of any additional processing, labeling or repackaging and/or removal from the Purchaser's establishment.

   c. The article comprising each shipment of the delivery hereafter made by the Supplier to or on the order of the Purchaser is hereby guaranteed by the Supplier, as of the date of such shipment or delivery, to be, on such date, not adulterated or misbranded, within the meaning of said Act, and not an article which may not, under the provisions of Section 404 and 505 of the Act, be introduced into interstate commerce.

**Exhibit "C" Page 1 of 1**

**Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**



ClibPDF - www.fastio.com

FAX 60 (8)



# Young Again Products, Inc.

3608-B Oleander Dr. #310, Wilmington, NC 28403
(910) 392-6775 phone/fax

# FAX TRANSMISSION

Date: July 20, 1999 Tuesday

To: George Reese

No. of Pages Incl. Cover Sheet: ______

*COMMENTS:* K3 is the only way t

Hi George,

Problem solved. Stacie at EMS uses K3 [illegible] K creams she makes. To make vitamin K1 [illegible] have to order a whole kilo of it at abc[illegible] and use only a third of it on your order. So we can't reasonably do K1. Please tell your customer it will be menadione or K3 and get his OK. Otherwise he would have to guarantee an order of 3,000 which he won't be willing to do.

Please get back to me on this tomorrow. Thanks,

Roger

7/20/99 (2)

**Exhibit "D" Page 1 of 1**

**Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

RD B-2