*12*

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **CONNIE CEBALLOS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. B-01-041** |
| | § | |
| **REESE PHARMACEUTICAL COMPANY,** | § | |
| **SUMMER OPTICAL: EMS CONTRACT** | § | |
| **PACKAGING and YOUNG AGAIN** | § | |
| **PRODUCTS, Inc.,** | § | |
| **Defendants.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, Connie Ceballos and the Defendants, Reese Pharmaceutical

Company, and Summer Optical: EMS Contract Packaging, and jointly files their Joint

Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure and

shows the Court the following:

    **1.**    **State where and when the meeting of the parties required by Rule 26(f) was**

**held, and identify the counsel who attended for each party.**

RESPONSE:  Telephonic meetings and correspondence via facsimile conducted on the 8th

through 15th day of May, 2001, between the following:

        Louis S. Sorola, Attorney-in-Charge for the Plaintiff, Connie Ceballos;

        Staton M. Childers, Attorney-in-Charge for the Defendant, Reese Pharmaceutical

Company;

        Tom Hermansen Attorney-in-Charge for the Defendant Summer Optical: EMS



Contract Packaging; and

       William J. McCarthy, Attorney-in-Charge for the Defendant, Young Again

Products, Inc., subject to the court's jurisdiction.

    **2.**    **List the cases related to this one that are pending in any state or federal court**

**with the case number and court.**

RESPONSE:  To date, there are no cases related to this one that are pending in any state or

federal court.

    **3.**    **Specify the allegation of federal jurisdiction.**

RESPONSE:  The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332 (diversity

of citizenship) subject to a finding by the court of personal jurisdiction over Defendant, Young

Again Products, Inc.

    **4.**    **Name the parties who disagree and the reasons.**

RESPONSE:  Defendant, Young Again Products, Inc., filed a motion to dismiss for lack of

personal jurisdiction and Plaintiff filed a response.

    **5.**    **List anticipated additional parties that should be included, when they can be**

**added, and by whom they are wanted.**

RESPONSE:  At this time, no additional parties will be added.

    **6.**    **List anticipated interventions.**

RESPONSE:  No interventions are anticipated.

    **7.**    **Describe class-action issues.**

RESPONSE:  There are no class-action issues.

    **8.**    **State whether each party represents that it has made the initial disclosures**

**required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

RESPONSE:  Plaintiff made the initial disclosures required by Rule 26(a) on the 23rd day of April, 2001;

Defendant, Summer Optical: EMS Contract Packaging made the initial disclosures required by Rule 26(a) on the 11th day of April, 2001;

Defendant, Reese Pharmaceutical Company, made its initial disclosures required by Rule 26(a) on the 8th day of May, 2001; and

Defendant, Young Again Products, Inc., anticipates making their initial disclosures within 20 days of this court's ruling on Defendant, Young Again Products, Inc.'s, motion to dismiss.

9.      **Describe the proposed agreed discovery plan, including:**

A.      **Responses to all the matters raised in Rule 26(f).**

RESPONSE:  The parties will conduct discovery on both liability and damages issues.  Written discovery will likely be exchanged within 40 days of the date of this Joint Discovery/Case Management Plan.  Defendant, Young Again Products, Inc., anticipates written discovery will likely be exchanged within 40 days of this court's ruling on Defendant, Young Again Products, Inc.'s, motion to dismiss.

B.      **When and to whom the plaintiff anticipates it may send interrogatories.**

RESPONSE:  Plaintiff intends to send interrogatories and requests for production to Staton M. Childers, Attorney-in-Charge for the Defendant, Reese Pharmaceutical Company, Tom

3

Hermansen Attorney-in-Charge for the Defendant Summer Optical: EMS Contract Packaging, and William J. McCarthy, Attorney-in-Charge for the Defendant, Young Again Products, Inc., on the 23rd day of May, 2001;

**C.    When and to whom the defendant anticipates it may send interrogatories.**

RESPONSE:   Defendant, Summer Optical: EMS Contract Packaging, intends to send interrogatories and requests for production to Louis S. Sorola, Attorney-in-Charge for the Plaintiff, Connie Ceballos, Staton M. Childers, Attorney-in-Charge for the Defendant, Reese Pharmaceutical Company, and William J. McCarthy, Attorney-in-Charge for the Defendant, Young Again Products, Inc., on the 23rd day of May, 2001;

Defendant, Reese Pharmaceutical Company,  intends to send interrogatories and requests for production to Louis S. Sorola, Attorney-in-Charge for the Plaintiff, Connie Ceballos, Tom Hermansen Attorney-in-Charge for the Defendant Summer Optical: EMS Contract Packaging, and William J. McCarthy, Attorney-in-Charge for the Defendant, Young Again Products, Inc., on the 23rd day of May, 2001; and

Defendant, Young Again Products, Inc., intends to send interrogatories and requests for production to all parties within 20 days of this court's ruling on Defendant, Young Again Products, Inc.'s, motion to dismiss.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

RESPONSE:   Plaintiff anticipates taking the oral deposition of Stacie Kirsch, George Reese,

4

Roger Mason, and Dr. Gustavo Stern, M.D. within 90 days of the date of this Joint

Discovery/Case Management Plan.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

RESPONSE:  Defendant, Summer Optical: EMS Contract Packaging, anticipates taking the oral

deposition of Plaintiff, Plaintiff's husband, witnesses of Plaintiff's alleged injuries, Stacie Kirsch,

George Reese, Roger Mason, Anika Rothenberg and Dr. Gustavo Stern, M.D., and Plaintiff's

expert(s) within 180 days of the date of this Joint Discovery/Case Management Plan;

Defendant, Reese Pharmaceutical Company, anticipates taking the oral deposition

of Plaintiff, Plaintiff's husband, witnesses of Plaintiff's alleged injuries, Stacie Kirsch, George

Reese, Roger Mason, Anika Rothenberg and Dr. Gustavo Stern, M.D., and Plaintiff's expert(s)

within 180 days of the date of this Joint Discovery/Case Management Plan.; and

Defendant, Young Again Products, Inc., anticipates taking the oral deposition of

Plaintiff, Plaintiff's husband, witnesses of Plaintiff's alleged injuries, Stacie Kirsch, George Reese,

Plaintiff's treating doctors, and co-defendant's corporate representatives and the parties experts

within 180 days of this court's ruling on Defendant, Young Again Products, Inc.'s, motion to

dismiss.

**F.    When the plaintiff (or the party with the burden of proof on issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

RESPONSE:  Plaintiff will be able to designate experts within 90 days of the date of this Joint

5

Discovery/Case Management Plan and provide the expert reports within 120 days of the date of this Joint Discovery/Case Management Plan.

Defendant, Summer Optical: EMS Contract Packaging, will be able to designate experts within 150 days of the date of this Joint Discovery/Case Management Plan and provide the expert reports within 180 days of the date of this Joint Discovery/Case Management Plan.

Defendant, Reese Pharmaceutical Company, will be able to designate experts within 150 days of the date of this Joint Discovery/Case Management Plan and provide the expert reports within 180 days of the date of this Joint Discovery/Case Management Plan.

Defendant, Young Again Products, Inc., will be able to designate experts within 150 days of the date of this Joint Discovery/Case Management Plan and provide the expert reports within 180 days of this court's ruling on Defendant, Young Again Products, Inc.'s, motion to dismiss.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

RESPONSE:   Plaintiff anticipates taking the deposition of Dr. Gustavo Stern, M.D. within 90 days of the date of this Joint Discovery/Case Management Plan.

**H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26 (a) (2)(B) (expert report).**

RESPONSE:   Defendant, Summer Optical: EMS Contract Packaging, anticipates taking the deposition of experts within 180 days of the date of this Joint Discovery/Case Management Plan.

Defendant, Reese Pharmaceutical Company, anticipates taking the deposition of

6

experts within 180 days of the date of this Joint Discovery/Case Management Plan.

Defendant, Young Again Products, Inc., anticipates taking the deposition of experts within 180 days of this court's ruling on Defendant, Young Again Products, Inc.'s, motion to dismiss.

**10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals or each party.**

RESPONSE:   The parties are agreed on all parts of the discovery plan.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

RESPONSE:   No discovery beyond initial disclosures has been undertaken.

**12.    State the date the planned discovery can reasonably be completed.**

RESPONSE:   Undetermined based upon the pending motion to dismiss.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

RESPONSE:   The parties have agreed to mediation but cannot agree on a time frame for the mediation.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

RESPONSE:   Plaintiff has sent offers of settlement to all Defendants.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

7

RESPONSE:   The parties have agreed to mediation but cannot agree on a time frame for the mediation.

**16.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

RESPONSE:   All parties do not agree to have the case heard before the magistrate judge.

**17.    State whether a jury demand has been made and if it was made on time.**

RESPONSE:   A jury demand was made timely.

**18.    Specify the number of hours it will take to present the evidence in this case.**

RESPONSE:   Plaintiff anticipates it will take 12 hours to present the evidence in her case in chief;

Defendant, Summer Optical: EMS Contract Packaging, anticipates it will take 2 hours to present the evidence in their case in chief.

Defendant, Reese Pharmaceutical Company, anticipates it will take 12 hours to present the evidence in their case in chief.

Defendant, Young Again Products, Inc., anticipates it will take 12 hours to present the evidence in their case in chief.

**19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

RESPONSE:   There are no pending motions that could be ruled on at the initial pretrial and scheduling conference.

**20.    List other motions pending.**

RESPONSE:   Besides Defendant, Young Again Products, Inc.,'s motion to dismiss for lack of

personal jurisdiction, there are no other pending motions.

**21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

RESPONSE:   There are no other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**22.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

RESPONSE:   Louis S. Sorola
Sorola & Garcia, P.L.L.C.
Texas Bar No. 00794990
Fed Id No. 19533
2355 Barnard, Suite A
Brownsville, Texas 78520
Telephone number: (956) 504-2911
Facsimile number: (956) 544-7766
Attorney-in-Charge for
Plaintiff, Connie Ceballos

Gabriela Garcia
Sorola & Garcia, P.L.L.C.
Texas Bar No. 00795364
Fed Id No. 24008
2355 Barnard, Suite A
Brownsville, Texas 78520
Telephone number: (956) 504-2911
Facsimile number: (956) 544-7766
Co-counsel for
Plaintiff, Connie Ceballos

Mr. William J. McCarthy (Specially Appearing)
Eaton & Associates
Texas Bar No. 13372500
Fed Id No. 2444
2208 Primrose, Building C
McAllen, Texas 78504-4162
Telephone number: (956) 631-9400
Facsimile number: (956) 687-9867

9

Attorney-in-Charge for
Defendant, Young Again Products, Inc.

Mr. Mark A. Freeman
Freeman & Freeman, P.C.
MD Fed Id No. 013635
One Church Street, Suite 200
Rockville, Maryland 20850
Telephone number: (301) 315-0200
Facsimile number: (301) 315-0210
Co-counsel for
Defendant, Young Again Products, Inc.

Mr. Tom Hermansen
Barger, Hermansen, McKibben & Villarreal
Texas Bar No. 09514000
Fed Id No. 915
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478
Telephone number: (361) 882-6611
Facsimile number: (361) 883-8353
Attorney-in-Charge for
Defendant, Summer Optical: EMS Contract Packaging

Staton M. Childers
Griggs & Harrison, P.C.
Texas Bar No. 00796348
Fed Id No.
1301 McKinney, Suite 3200
Houston, Texas 77010-3033
Telephone number: (713) 651-0600
Facsimile number: (713) 651-1944
Attorney-in-Charge for
Defendant, Reese Pharmaceutical Company

Counsel for Plaintiff, Connie Ceballos _____

Date 5-15-01

Counsel for Defendant, Reese Pharmaceutical Company *Previously agreed to through Correspondence with Louis S. Sorocco*

10

Date _____

Counsel for Defendant, Summer Optical: EMS Contract Packaging

Date **5 -15 -01**

Tom Hernansen
w/ permission by:
Louis S. Sonda

11